UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINCARE HOLDINGS INC.,

    Plaintiff,

v.                                                Case No: 8:14-cv-2507-T-36AEP

GOLDEN SHORELINE LIMITED
PARTNERSHIP,

    Defendant.
_____/

# **ORDER**

This matter comes before the Court upon the Plaintiff's Motion for Reconsideration (Doc. 29) and Defendant's response thereto (Doc. 31). In its Motion, the Plaintiff requests reconsideration of this Court's order denying Plaintiff's Motion for Preliminary Injunction. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Reconsideration.

**I.  Background**[1]

In 1999, Defendant Golden Shoreline Limited Partnership ("Golden") and its affiliate, H.B. Showe Builders of Florida, Inc. ("Showe") owned approximately 32.89 acres west of U.S. Highway 19 in the City of Clearwater. Doc. 20 at ¶ 3. Golden and Showe executed and recorded a Declaration, which reflected that Golden, the Developer, owned the parcels known as Phase 1 and Phase 2 ("the Developer's Parcel"), and Showe owned the parcel known as Phase 3. *Id.* at ¶¶ 4, 6; Doc. 1-1.

---

[1] A more detailed recitation of the facts is presented in the Court's Order denying Plaintiff's motion for preliminary injunction at Doc. 23.

On or about February 15, 1999, Lincare, as Buyer, and Showe, as Seller, entered into an Agreement for Purchase and Sale with respect to Phase 3. On or about December 13, 1999, Lincare acquired fee simple title to Phase 3 from Showe via Special Warranty Deed (the "Deed"), thus becoming Showe's successor and assign and the Owner of Phase 3 under the Declaration. Lincare subsequently constructed its corporate headquarters (the "Lincare Facility") on Phase 3, which has been in operation since 2001.

On or about July 1, 2014 The Richman Group of Florida, Inc. ("Richman"), the proposed developer of an apartment complex on the Developer's Parcel, asked Lincare to approve and execute a proposed amendment to the Declaration that would specifically add language regarding the use of the Developer's Parcel as a multi-family residential development. *See* Doc. 1-10. By letter dated July 10, 2014, Lincare advised Golden and Showe that Lincare had a "vested interest" in maintaining the commercial character and use of the Office Park and would not consent to Richman's proposed amendment. *See* Doc. 1-12.

On August 20, 2014, the City of Clearwater issued a Development Order permitting Golden to proceed with the Proposed Redevelopment on Phase 2 of the property. *See* Doc. 1-13. Lincare subsequently filed an Appeal Application with the City of Clearwater seeking to appeal the Development Order (the "Appeal Application"). *See* Doc. 1-14. On August 29, 2014, Lincare sent a Notice Letter to Golden, Showe and Richman stating that the Proposed Redevelopment violates the Declaration and that Lincare intended to enforce all of its rights and remedies pursuant to §6.4 of the Declaration. *See* Doc. 1-15.

Lincare filed a Complaint seeking injunctive and declaratory relief and a Motion for Preliminary Injunction on October 3, 2014. In the Motion, Lincare sought a preliminary injunction that would prevent the construction of an apartment complex on the Developer's Parcel. Following

a hearing on the motion, this Court entered an Order denying the preliminary injunction. *See* Doc. 23. Plaintiff now seeks reconsideration of that Order.

## II. Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted); *see also Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

A motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Ludwig v. Liberty Mutual Fire Ins. Co.*, Case No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691, 3 (M.D. Fla. Mar. 30, 2005) (citing *Lamar*, 189 F.R.D. at 489).

## III. Discussion

Plaintiff argues that the Court's ruling should be reconsidered because of the need to correct clear error or prevent manifest injustice. Specifically, Plaintiff takes issue with the Court's interpretation of various provisions of the Declarations. First, all of the arguments presented by Plaintiff in this motion for reconsideration were made in its motion for preliminary injunction or

at the hearing on its motion. Second, Plaintiff's disagreement with this Court's interpretation of the Declaration is not a reason for reconsideration of the Court's Order. Plaintiff has not identified any portion of the Court's ruling that amounts to clear error or manifest injustice. Instead, the motion for reconsideration is merely an attempt to persuade the Court to change its mind on the same facts and law it has already considered. "'[A] motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning.'" *Stalley v. ADS Alliance Data Sys., Inc.,* 296 F.R.D. 670, 687 (M.D. Fla. 2013) (internal citation omitted). Accordingly, it is

**ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 29) is DENIED.

**DONE AND ORDERED** in Tampa, Florida on April 21, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

4